**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MANUEL ALDACO** | § | |
| | § | |
| **V.** | § | **A-15-CV-793-LY** |
| | § | |
| **CHERON Y. NASH, WARDEN,** | § | |
| **FEDERAL CORRECTIONAL** | § | |
| **INSTITUTION- BASTROP, TEXAS** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are:  Petitioner Manuel Aldaco's Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241, filed on September 10, 2015 (Dkt. No. 1); the Government's Response to Petition for Writ of Habeas Corpus, filed on November 30, 2015 (Dkt. No. 7); Petitioner's Reply, filed on December 9, 2015 (Dkt. No. 9); Petitioner's Motion for Sanctions, filed on December 3, 2015 (Dkt. No. 8);[1] and the Government's Response in Opposition to Petitioner's Motion for Sanctions (Dkt. No. 10). The Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The undersigned finds that Aldaco's Petition for Writ of Habeas Corpus should be dismissed without prejudice for the reasons set out below.

---

[1] Aldaco requests that the Court sanction the Government, contending that the Government's Response to the § 2241 Petition was filed after the deadline set by the Court in its Order issued September 25, 2015.  *See* Dkt. No. 4.  Aldaco is mistaken.  The Government's Response was timely. Accordingly, Aldaco's Motion for Sanctions (Dkt. No. 8) is **DENIED**.

## I. GENERAL BACKGROUND

A.    **Aldaco's Federal Sentences**

Petitioner Manuel Aldaco ("Aldaco") has been convicted and sentenced three separate times in the Western District of Texas. On August 26, 1997, after Aldaco pled guilty to importation of marijuana, in violation of 21 U.S.C. § 952(a), the District Court sentenced him to a 24-month term of imprisonment, followed by a three-year term of supervised release and a $100 special assessment fee. *See United States v. Aldaco*, 4:97-cr-00070 WRF (W.D. Tex. [Pecos] Aug. 27, 1997). After he was released, Aldaco was arrested again on May 9, 2010, for transporting marijuana. After pleading guilty to conspiring to possess and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841 & 846, Aldaco was sentenced to a 34-month term of imprisonment, followed by four years of supervised release. *United States v. Aldaco*, 3:10-cr-1558 KC (W.D. Tex [El Paso] Oct. 28, 2010). Finally, on October 3, 2012, near the expiration of serving his term of imprisonment for the second federal sentence, Aldaco was indicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On October 26, 2012, when he was released from the Bureau of Prisons on the marijuana charges, Aldaco was transferred to the custody of the U.S. Marshal on the felon-in-possession charges. After Aldaco pled guilty to those charges, U.S. District Judge Kathleen Cardone sentenced him to a 90-month term of imprisonment "with credit for time served while in custody for this federal offense since May 9, 2010." *See United States v. Aldaco*, 3:12-cr-2318 KC (W.D. Tex [El Paso] June 19, 2014).

B.    **The BOP's Calculation of his Sentence**

Federal law provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence

commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). The Attorney General, through the BOP, makes the sentence calculation and "determines what credit, if any, will be awarded to the prisoner for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). The Attorney General's decision regarding the calculation of a prisoner's sentence is reviewable via a 28 U.S.C. § 2241 petition. *See United States v. Gabor*, 905 F.2d 76, 77–78 (5th Cir. 1990). Through this § 2241 petition, Aldaco is challenging the BOP's calculation of his sentence.

Aldaco's sentence for the felon-in-possession offense commenced on June 19, 2014, the date it was imposed. *See* 18 U.S.C. § 3585(a). As already noted, the District Court sentenced Aldaco to a 90-month term of imprisonment for the felon-in-possession offense "with credit for time served while in custody for *this* federal offense since May 9, 2010." *United States v. Aldaco*, 3:12-cr-2318 KC (W.D. Tex [El Paso] June 19, 2014) (emphasis added). Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). There is an inherent inconsistency between what this statute calls for, and the district judge's statement that Aldaco was to receive credit for time he spent in custody on the gun charge ("this" federal offense) going back to May 9, 2010. As already noted, Aldaco was in custody serving the sentence on his second marijuana conviction from May 9, 2010,

until October 26, 2012, thus that time period had already been "credited against" a different sentence—the marijuana conviction. However, in an effort to carry out Judge Cardone's intent with regard credit for time served, the BOP consulted with Judge Cardone and, based on that, adjusted Aldaco's sentence from 90 months to 60 months and 12 days. *See* Attach. 6 to Dkt. No. 7. With this adjustment, the BOP has determined that Aldaco's projected release date, including good-time credit, is March 16, 2017. Aldaco is currently serving his term of imprisonment at the Federal Correctional Institution in Bastrop, Texas.

### C.    Instant § 2241 Petition

Aldaco argues that the BOP "has incorrectly calculated the term of imprisonment and time credited by Court order" and contends that he is eligible for release on March 10, 2016. Although he does not raise the claim in his actual § 2241 Petition, Aldaco also argues in his "Memorandum of Law in Support of Application for Writ of Habeas Corpus " that he be placed in a residential re-entry center ("RRC"). Aldaco's § 2241 Petition must be dismissed because he has failed to exhaust his administrative remedies.

### II. ANALYSIS

A federal prisoner must "exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see also, United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (a petitioner seeking habeas relief under Section 2241 "must first exhaust his administrative remedies through the Bureau of Prisons"). In order to properly exhaust administrative remedies under § 2241, a prisoner must first make an informal resolution of his complaint by filing a BP-8 form. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the Warden using a BP-9

form. 28 C.F.R. § 542.14(a). If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel using a form BP-11. 28 C.F.R. § 542.15. A prisoner may seek relief in federal court only after he has exhausted all levels of this administrative review process. *Noonan v. Bragg*, 2012 WL 1890254 at *1 (W.D. Tex. May 23, 2012). In the event that a prisoner feels he has been improperly refused credit against his sentence, "the prisoner must first 'seek administrative review of the computations of [his] credit, and, once [he has] exhausted [his] administrative remedies, [the] prisone[r] may only *then* pursue judicial review of these computations.'" *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010) (quoting *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)), *aff'd,* 132 S.Ct. 1463 (2011). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (citation omitted). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. *Id.*

The record demonstrates that Aldaco has not exhausted his administrative remedies at the BOP regarding any of the claims raised in his Petition. While Aldaco submitted an informal complaint and later a formal Administrative Remedy Request with regard to his claim that the BOP incorrectly calculated his sentence, he did not pursue any appeal to the Regional Director or the Office of General Counsel as required to exhaust his administrative remedies. *See* Declaration of Cynthia Bell, Attach. to Dkt. No. 7. Moreover, Aldaco has failed to submit any complaint, formal or informal, with regard to his claim that he be placed in an RRC. Accordingly, Aldaco has failed

to pursue all available administrative remedies in this case and his Petition must, therefore, be dismissed. *See Setser*, 607 F.3d at 133 (finding that the petitioner must exhaust his administrative remedies before challenging BOP's sentence calculation); *Broderick v. Chapman,* 364 F. App'x 111, 112 (5th Cir. 2010) (affirming dismissal of § 2241 petition where inmate abandoned the administrative process); *Noonan*, 2012 WL 1890254 at *2 (dismissing § 2241 petition asking to be placed in RRC where petitioner failed to exhaust his administrative remedies).

Further, Aldaco has failed to carry his burden of showing that administrative remedies are either unavailable or wholly inappropriate to the relief sought or that exhausting his claims through the administrative process would be futile. While Aldaco argues that pursuing further administrative remedies would be "futile" because the BOP is unlikely to change his release date, "the mere fact that Petitioner believes his administrative review will be denied does not make this remedy futile." *Herman v. Wendt*, 2004 WL 68018, at *2 (N.D. Tex. Jan. 13, 2004).[2] If the BOP has erroneously calculated Aldaco's sentence, it has the authority to correct that error and should be permitted to do so. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir.1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention). Accordingly, Aldaco's § 2241 Petition must be dismissed for failure to exhaust administrative remedies.

### III.  RECOMMENDATION

Based upon the foregoing, the undersigned **HEREBY RECOMMENDS** that the District Court **DISMISS WITHOUT PREJUDICE** Manuel Aldaco's Petition for Writ of Habeas Corpus pursuant to § 2241 (Dkt. No. 1) for failure to exhaust his administrative remedies.

---

[2] Unlike the petitioner in *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir.), *cert. denied*, 133 S.Ct. 561 (2012), Aldaco is not arguing in this case that the BOP's regulations or governing statutes are unconstitutional.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253© (1)(A). A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a District Court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Id.* "When a District Court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the District Court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Petitioner's habeas petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)©. Failure to file written objections to the proposed findings and recommendations contained

within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of February, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE